UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SONDRA CARTWRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| ALVIN JONES, Star 19462, | ) | Jury Demand |
| LAMONICA LEWIS, Star 16172, | ) | |
| DOUGLAS NICHOLS JR., Star 12415, and | ) | |
| RONALD WATTS, Star 2640, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Background

8. Plaintiff lived at 574 East 36th Street, Apartment 210, from the year 2000 until November 3, 2007.

9. Plaintiff was the legal tenant in Apartment 210 for the entire time she lived there.

10. The building at 574 East 36th Street was a Chicago Housing Authority building.

11. There is no longer a building at 574 East 36th Street.

12. In 2007, the majority of the apartments in the building were abandoned.

13. Upon information and belief, gang members sold drugs out of the abandoned apartments and in the hallways of the building.

14. Plaintiff was not involved with the gangs and not involved in the sale of drugs.

15. Chicago police officers, including the Defendant-Officers, routinely raided the building at 574 East 36th Street looking for drug dealing.

16. Defendant ALVIN JONES has had previous contact with Plaintiff at the building at 574 East 36th Street.

17. Defendant JONES, along with other Chicago police officers from the 2nd District, has pressured Plaintiff to provid them with information regarding drug sales at the building.

18. Plaintiff told Defendant JONES and the other Chicago police officers that she feared retaliation from the gangs if she was seen talking with the police.

19. Plaintiff had been threatened by Chicago police from the 2nd District and had been falsely arrested by officers from the 2nd District for trespassing at her building even though she lives there and had a valid lease.

20. Plaintiff has filed civilian complaints against Chicago police officers from the 2nd District regarding this type of harassment.

## Facts

21. On November 3, 2007, at approximately 8:30 a.m., Plaintiff was at her home located at 574 East 36th Street, Apartment 210, in Chicago.

22. Plaintiff heard the Defendant-Officers and other Chicago police officers in the hallway.

23. Upon information and belief, Chicago police officers, including the Defendant-Officers were conducting a drug raid in the building.

24. Defendant WATTS banged on Plaintiff's door.

25. WATTS demand that Plaintiff open her door.

26. WATTS told Plaintiff that he was going to arrest her if she refused to open the door.

27. Plaintiff became frightened and fled her apartment out the back.

28. Plaintiff walked to a park across the street to wait for the Defendant-Officers to leave the building.

29. While waiting in the park, Defendant LAMONICA LEWIS seized Plaintiff and brought her back to the building.

30. Upon information and belief, the Defendant-Officers arrested some people that were selling drugs in the building.

31. In order to manufacture probable cause and put a case on Plaintiff, Defendant-Officers JONES, LEWIS, and NICHOLS falsely claimed that Plaintiff accepted narcotics from an individual, fled into her apartment and closed the door.

32. JONES, LEWIS, and NICHOLS claimed that they then made a forced entry into Plaintiff's apartment and viewed the narcotics on the floor and Plaintiff fleeing out the window.

33. There were no drugs in Plaintiff's apartment.

34. Plaintiff was charged with possession of a controlled substance with the intent to deliver, a non-probationale Class X felony which carries a minimum prison term of 6 years. The case was docketed in the Cook County Circuit Court as: <u>People v. Sondra Cartwright</u>, 07 CR 24156.

35. Defendant WATTS was the supervisor approving JONES, LEWIS, and NICHOLS's arrest of Plaintiff.

36. Plaintiff was transported to the 2nd District police station and then eventually processed into the Cook County Jail.

37. On April 27-28, 2009, a jury trial was held in Plaintiff's case. Plaintiff represented herself pro se at trial. The jury found Plaintiff not guilty.

38. As a result of the false charges, Plaintiff was incarcerated at the Cook County Jail for 1 year, 5 months, and 25 days.

39. When Plaintiff got out of jail, her home was not longer there.

40. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

41. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest)

42. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

43. Defendant-Officers JONES, LEWIS, and NICHOLS arrested Plaintiff.

44. JONES, LEWIS, and NICHOLS did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

45. The arrest of Plaintiff without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers JONES, LEWIS, and NICHOLS,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

46. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

47. While Plaintiff was subjected to the false arrest as described above, Defendant WATTS had an opportunity to intervene, but chose not to intervene.

48. Defendant WATTS was deliberately indifferent to Plaintiff's right to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants WATTS,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Civil Conspiracy)

49. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

50. Defendant-Officers WATTS, JONES, LEWIS, and NICHOLS knowingly and intentionally schemed and worked together in a common plan to falsely arrest Plaintiff.

51. Defendants WATTS, JONES, LEWIS, and NICHOLS, then conspired and acted together to cover up the false arrest of Plaintiff without probable cause or legal authority.

52. Defendant made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up his own misconduct.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award Plaintiff compensatory and punitive damages,

c)  Award attorneys' fees and costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law Claim for Malicious Prosecution)

53. Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

54. Defendant-Officers instituted charges against Plaintiff for possession of a controlled substance with the intent to deliver.

55. There was not probable cause for such charges.

56. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award Plaintiff compensatory and punitive damages,

c)  Award costs, and

d)  Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

57. The acts of the Defendant-Officers described in the state-law claims specified above were willful and wanton, and committed in the scope of employment.

58. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

59. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

60. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

    Respectfully submitted,

    /s/ Lawrence V. Jackowiak
    *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595