## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SONDRA CARTWRIGHT,

        Plaintiff,

v.

CITY OF CHICAGO, CHICAGO POLICE
OFFICERS ALVIN JONES, STAR 19462,
LAMONICA LEWIS, STAR 16172,
DOUGLAS NICHOLS JR., STAR 12415, and
RONALD WATTS, STAR 2640,

        Defendants.

No. 09 CV 4298

Judge George Lindberg

Magistrate Judge Keys

## REPLY IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, City of Chicago, Chicago Police Officers Jones, Lewis, Nichols, and Sgt. Watts (collectively referred to as "Defendants"), by and through their attorneys, Johnson & Bell, Ltd., submit this reply in support of their motion for summary judgment.

### INTRODUCTION

Notably, in her Response to the Defendants' Motion for Summary Judgment ("Response"), the plaintiff not only entirely ignores the requirements to Local Rule 56.1, which, even as a *pro se* litigant, she is required to observe, but also she fails to direct the Court to any evidence on the record that contradicts any of the facts stated in the Defendants' Statement of Undisputed Material Facts ("Defendants' Statement of Facts"), nor does she submit any affidavits that contradict any of the facts recited in the Defendants' Statement of Facts and supporting affidavits. Rather, Plaintiff simply reiterates many of the same baseless allegations contained in her Complaint that purport to substantiate claims of constitutional violations under Section 1983.

**ARGUMENT**

**I.** **Plaintiff Has Presented No Evidence to Counter Or Contradict The Facts And Evidence Presented By Defendants In Support Of Their Motion For Summary Judgment.**

Defendants submitted Statement of Undisputed Material Facts as required by Local Rule 56.1. (Dkt. 56) Defendants likewise submitted affidavits and other evidentiary material to support their motion in accordance with Federal Rule of Civil Procedure 56(e). In her Response to Defendants' motion, the Plaintiff did not submit either: (1) proper responses/denials to the numbered paragraphs contained in Defendants' Statement of Facts; or (2) any opposing affidavits.[1] In particular, Plaintiff's responses to the Defendants' Statements of Facts, which were not directly admitted, contain inappropriate legal arguments, inject additional facts into her response, fail to cite to the record altogether, and/or fail to directly admit or deny the statement of facts, instead providing irrelevant and evasive information. See, *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cr. 2006) (Rule 56.1 statements that contain "irrelevant information, legal arguments, and conjecture" do not comply with the Local Rules).

Pursuant to Local Rule 56.1, facts included in a party's Local Rule 56.1 statement that are not properly denied by the opposing party are deemed to be admitted. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.") Even *pro se* litigants are required to follow the Federal Rules of Civil Procedure and the Local Rules; therefore, Plaintiff Cartwright is not excused from complying with L.R. 56.1 (b)(3). See, *Pearle Vision, Inc. v. Romm*, 541 F.3d 751,

---

[1] When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" in compliance with Local Rule 56.2, which explained to Ms. Cartwright the requirements of the Federal Rule of Civil Procedure 56(e) and Local Rule 56.1. (Dkt. 58) In particular, the notice detailed the need for Ms. Cartwright to properly respond to the numbered paragraphs contained in the Defendants' Statement of Facts and submit any opposing affidavits in order to contest any of the facts and affidavits submitted by Defendants.

2

758 (7th Cir. 2008) ("pro se litigants are not excused from compliance with procedural rules."); *Cady*, 467 F.3d at 1061 (stating that "the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure"); *McNeil v. United States*, 508 U.S. 106, 113 S. Ct. 1980 (1993) (noting that the Supreme Court "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). In fact, the Seventh Circuit has consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment. *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (citing *Borderlon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000).

Plaintiff's response is not the place for purely argumentative denials, and any denial of the material fact must be supported by specific references to the record. *I.A. Rana Enterprises, Inc. v. City of Aurora*, 630 F. Supp. 2d 912, 916-919 (N. D. Ill. 2009). The fact that Cartwright has not submitted a single affidavit to oppose Defendant Officers' affidavits necessitates that the statements contained in Defendants' affidavits be accepted as true. *Boruski v. United State*, 803 F.2d 1421, 1428 (7th Cir. 1986), *Wang v. Lake Maxinhall Estates, Inc.*, 531 F.2d 832, 835 n.10 (7th Cir. 1976) (nothing that plaintiff's failure to submit opposing affidavits "leads …to court's acceptance as true of the facts set forth in defendants' affidavits"). "Hearsay is inadmissible in summary judgment proceedings to the same extend that it is inadmissible in a trial." *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (citing, *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). Furthermore, "[p]laintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment" (*Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 939 (7th Cir. 1997)), and her own subjective belief does not create a genuine issue of material fact. (*Chiaramonte v. Fasion Bed Grop, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997).

Specifically, every response not directly admitted by the Plaintiff should be stricken as improper denial and Defendants' statement of fact corresponding with that response should be deemed admitted as true. The following responses constitute improper denials:

Paragraph 9 – Plaintiff's own complaint, par. 13 states that "gang members sold drugs out of the abandoned apartments and in the hallways of the building." Plaintiff's own pleading supports defendants' statement of fact No. 9;

Paragraph 10 – Defendants stated that drugs would be "distributed" on the second floor where plaintiff lived, and plaintiff's response did nothing more than to affirm this statement;

Paragraphs 14 - 15 – Plaintiff's responses constitute nonresponsive, speculative and argumentative statements;

Paragraph 17 – 21 – Improper denials. No admissible record evidence was presented to contradict defendants' statement of facts 17 through 21;

Paragraph 22 – 24 – Officer Jones' testimony cited by the plaintiff not only supports defendants' statements of fact 22 through 24, but also is supported by his and Officer Nichols' statements at paragraphs 10 through 12 of their respective declarations. Plaintiff presented no admissible record evidence to contradict defendants' statement of facts 22 through 24;

Paragraph 25 -26 – Plaintiff's responses to these statement of facts constitute nonresponsive, speculative, argumentative and hearsay statements;

Paragraph 27 – Completely nonresponsive, plus it improperly injects additional facts into the response. Although not a material issue, but at first, it was Officer Jones who knocked at the plaintiff's door asking her to open it, and then Sgt. Watts joined in knocking and kicking. (See, Statement of Material Facts, at par. 31);

Paragraph 29 – 30 – Improper denials by hearsay statements. Plaintiff has not offered a single piece of admissible evidence (she does not cite to any), such as Ms. Osborne's affidavit, to properly deny these statement of facts.

Paragraph 31 – 32 – Nonresponsive, argumentative, speculative and evasive.

Paragraph 33 – Improper denial. Although immaterial, Officer Jones, who was very familiar with the location, did not need to see the parking lot to know that plaintiff Cartwright was running toward it.

Paragraph 34 -35 - Plaintiff failed to cite to the part of the record supporting her statements. Furthermore, the response to par. 35 is nothing more than speculation.

Paragraph 36 – Plaintiff admitted to smoking some cannabis and crack cocaine, as well as taking some Motrin 800, just before the police came. (Cartwright Dep., at pp. 71, 72, 73:1-7);

Paragraph 43 - Nonresponsive, argumentative, and improperly injects additional facts into the response, contains nothing more than hearsay statements.

Because Plaintiff has failed to deny Defendants' statement of facts as discussed above, the Court should deem them admitted and accept them as true. See *Malec v. Sanford,* 191 F.R.D. 581, 583 (N. D. Ill. 2000) ("Factual allegations not properly supported by citation to the record are nullities."); *Kasak v. Village of Bedford Park,* 583 F. Supp. 2d 864, 868 (N. D. Ill. 2008) ("injecting

[new] facts into [plaintiff's] responses is inappropriate."); *Cady,* 467 F.3d at 1061 (finding that a district court did not abuse its discretion by adopting the version of events in defendants' L.R. 56.1 statement where the *pro se* plaintiff failed to respond to those facts despite the opportunity to do so); *Othon v. LG Electronics USA, Inc.,* 2009 U.S. Dist. LEXIS 51907, 2009 WL 1748243, at *2 (N.D. Ill. June 18, 2009) (where *pro se* plaintiff failed to comply with Local Rule 56.1, deeming "the properly supported facts contained in [defendant's] Local Rule 56.1 statement of facts *** to be admitted").

Therefore, based on the above authorities, the following facts, *inter alia,* must be admitted as true because of Plaintiff's failure to properly deny them by presenting no evidence to counter or contradict them:

- Plaintiff lived in the Ida B. Wells homes, where gang members and drug dealers every day sold and distributed drugs, including on the plaintiff's floor. (*Statement of Material Facts,* at ¶¶ 9-10);

- Drugs were being sold in the Building on the date of Plaintiff Cartwright's arrest. (*Statement of Material Facts,* at ¶ 12);

- Equipped with this information, Defendant Officers organized a covert narcotics suppression mission in the Building on the date of the plaintiff's arrest. (*Statement of Material Facts,* at ¶¶ 13-15; Declarations of Watts & Jones, ¶¶ 5-7; Declarations of Lewis & Nichols, at ¶¶ 5-6);

- Upon arrival, the Defendants observed and arrested individual possessing narcotics in the lobby of the Building, and then gave chase to two individuals who ran up the stairs. (*Statement of Material Facts,* at ¶¶ 11, 17-21; Decl. of Watts, ¶ 9; Decl. of Jones, ¶¶ 8-9; Decl. of Nichols, at ¶¶ 7-9; Decl. of Lewis, at ¶ 7);

- On the second floor, Defendant Officers Jones and Nichols observed one individual attempting to conceal suspect narcotics, and this individual was arrested and the suspect narcotics were recovered. (*Statement of Material Facts,* at ¶¶ 22, 26; Decl. of Jones, at ¶¶ 10, 15; Decl. of Nichols, at ¶ 12);

- Defendant Officer Jones also observed the plaintiff receive two bags of suspect narcotics from the other individual who had been running up the stairs. (*Statement of Material Facts,* at ¶¶ 22-23; Decl. of Jones, at ¶¶ 10-12; Decl. of Nichols, at ¶ 11);

- Plaintiff Cartwright then retreated inside her apartment and closed the door, while the individual who handed her the drugs was detained and found to be in possession of one bag, identical in appearance to the bags handed to the plaintiff, which clearly contained suspect narcotics. (*Statement of Material Facts,* at ¶¶23-25; Decl. of Jones, at ¶¶ 12-13);

- At the time of the incident, Plaintiff was under the influence of cocaine and cannabis. (*Statement of Material Facts,* at ¶ 36);

- Upon seeing Officer Jones enter, Plaintiff dropped out of the apartment window to the ground, fled to the nearby park, and was ultimately arrested. (*Statement of Material Facts,* at ¶¶ 32, 37; Decl. of Jones, at ¶ 20);

- The narcotics received by the plaintiff were recovered inside her apartment and packaged in an identical fashion to those that had already been recovered. (*Statement of Undisputed Facts,* at ¶¶ 35, 40).

## II.     Probable Cause Was The Basis For The Plaintiff's Arrest.

It is clear that the information possessed by the Defendant Officers as discussed above at the time of the plaintiff's arrest provided them with probable cause to believe that Plaintiff Cartwright has committed a crime for which she would be prosecuted. Any reasonable person in the Defendant Officers' position, faced with the same circumstances and available information, would have been convinced there was probable cause to arrest and prosecute Ms. Cartwright. Existence of probable cause to arrest and prosecute the plaintiff forecloses all of her claims.

Despite engaging in substantial and lengthy discovery process in this case (while assisted by counsel), the Plaintiff has been utterly unable to satisfy her burden of putting forth the evidence substantiating violation of her constitutional rights or raising any arguments or setting forth any material facts showing there is a genuine issue for trial in this case. "Summary judgment is not a discretionary remedy. If plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994).

6

Since Plaintiff has failed to raise any legal arguments or genuine issues of material fact in response to the Defendants' motion for summary judgment, the Defendants will rely on their original arguments and authorities raised in their memorandum and statement of undisputed material facts in support of the motion and respectfully ask this Honorable Court to grant their Motion for Summary Judgment on all of the Plaintiff's claims against the Defendants, and pray for any other relief that this Court deems equitable.

<div style="margin-left: 50%;">

Respectfully submitted,
JOHNSON & BELL, LTD.


By: __/s/ Alexandria L. Bell_____
One of the Attorneys for Defendant Officers and the City of Chicago

</div>

Richard B. Levy, ARDC# 3127363
Alexandria L. Bell, ARDC# 6294858
Johnson & Bell, Ltd.
33 West Monroe St., Suite 2700
Chicago, IL 60603
(tel:) (312) 372-0770

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that on this 16th day of November, 2010 she caused to be served true and correct copies of this **Reply In Support of Defendants' Motion for Summary Judgment** by causing copies of the same to be served to the following by operation of the CM/ECF System of the U.S. District Court for the Northern District of Illinois and via regular U.S. Mail:

<div align="center">

Sondra Cartwright
3414 Magnolia Drive
Markham, IL 60428

</div>

By:  /s/ Alexandria L. Bell
One of the Attorneys for Defendants

Dated:  November 16, 2010