**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SONDRA CARTWRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 09 C 4298 |
| v. | ) | |
| | ) | Judge George W. Lindberg |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICERS ALVIN JONES, STAR 19462, | ) | |
| LAMONICA LEWIS, STAR 16172, | ) | |
| DOUGLAS NICHOLS JR., STAR 12415, and | ) | |
| RONALD WATTS, STAR 2640, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action on July 17, 2009 against the City of Chicago and Chicago police officers Alvin Jones, Lamonica Lewis, Douglas Nichols, Jr., and Ronald Watts. Before the Court is defendants' motion for summary judgment. For the reasons stated below, the motion is granted.

As an initial matter, the Court considers defendants' argument that plaintiff's *pro se* summary judgment filings do not comply with Local Rule 56.1 and therefore, that defendants' statements of fact should be deemed admitted. "[P]*ro se* litigants are not held to the stringent standards of formally trained attorney, and their pleadings are to be liberally construed." *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1047 (7th Cir. 1989). However, the Court is not "obliged in our adversary system to scour the record looking for factual disputes." *See Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001). Along with their motion for summary judgment, defendants filed and served on plaintiff the "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" that is required by Local Rule 56.2. That Notice explained the

requirements of Local Rule 56.1, plaintiff's obligations in responding to defendants' motion, and the consequences of failing to do so.

Local Rule 56.1(b)(3)(B) requires a party responding to a motion for summary judgment to file "a response to each numbered paragraph in the moving party's statement." The non-moving party must "admit or deny each factual statement proffered by the defendant and . . . designate with specificity and particularity those material facts believed to establish a genuine dispute for trial." *Greer*, 267 F.3d at 727. Where there is any disagreement with the moving party's statement, the response must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon . . . ." LR 56.1(b)(3)(B). If the response fails to properly controvert a material fact in compliance with this rule, the fact will be deemed admitted. LR 56.1(b)(3)(C).

In addition, if the party responding to the motion for summary judgment wishes the Court to consider any additional facts, those additional facts must be presented in a "statement, consisting of short numbered paragraphs." LR 56.1(b)(3)(C). As with the response to the movant's facts, the additional facts must be supported by "references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.*

In ruling on a motion for summary judgment, the Court may only consider evidence that would be admissible at trial. *See Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). Thus, witness statements must be presented in the form of deposition testimony, a sworn affidavit, or a declaration made under penalty of perjury. *See* Fed. R. Civ. P. 56(c); *Pfeil v. Rogers*, 757 F.2d 850, 859-60 (7th Cir. 1985); 28 U.S.C. § 1746. The Notice to Pro Se Litigants that defendants served on plaintiff specifically warns of this requirement:

> You may rely upon your own declaration or the declarations of other witnesses. A declaration is a signed statement by a witness. The declaration must end with the following phrase: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct," and must be dated.

The Court reiterated this requirement in a September 1, 2010 order granting plaintiff's motion to include two witness statements in her response to the motion for summary judgment, when it stated: "As long as these statements are dated and signed under penalty of perjury, they can be submitted in these summary judgment proceedings."[1]

Plaintiff's response to the motion for summary judgment consists of:

- Plaintiff's responses to defendants' statements of fact, in which plaintiff indicates whether she agrees or disagrees with defendants' statements, and offers argument and her own version of some of the events;

- Plaintiff's unsworn "Narrative";

- Portions of transcripts of the testimony of Mister Lucky Pearson,[2] defendant Alvin Jones, and defendant Lamonica Lewis;

- A portion of defendant Ronald Watts' declaration;

- A portion of a 2005 Office of Professional Standards investigatory report; and

- A portion of a 2004 complaint by a Garold Brown.

The Court agrees with defendants that many of plaintiff's responses to defendants' statements of fact do not comply with Local Rule 56.1. Plaintiff's responses to defendants' statements consist of denials that are not supported by specific references to affidavits or other evidence in the record. In addition, many of plaintiff's responses do not admit or deny the

---

[1] In that order, the Court also granted plaintiff's request for additional time to file her response to the motion for summary judgment.

[2] "Mister" appears to be Pearson's first name.

3

statements of fact, or are otherwise non-responsive to the statements of fact. Because plaintiff has not properly controverted any of defendants' statements of fact, defendants' statements of fact are deemed admitted.

Nor has plaintiff presented any additional facts in compliance with Local Rule 56.1. Plaintiff attempts to offer additional facts in her responses to defendants' statements of fact, and fails to support these facts with citations to evidence in the record. In addition, plaintiff's unsworn "Narrative" is not signed under penalty of perjury, and similarly does not contain citations to evidence in the record. Accordingly, the Court disregards plaintiff's factual statements made in her responses and narrative.

The following facts are taken from defendants' statement of facts. Defendants Jones, Lewis, Nichols, and Watts are Chicago police officers. On November 3, 2007, plaintiff was living in apartment number 210 at 574 East 36th Street, Chicago, a housing project development operated by the Chicago Housing Authority. That morning, defendant Watts, a tactical team sergeant, organized a team of tactical officers to conduct a narcotics and gang suppression mission in plaintiff's building. The team, which included defendants Jones, Lewis, and Nichols, dressed in civilian clothes and used unmarked vehicles.

When the team of officers arrived at plaintiff's building, Jones and Nichols entered through the back door, while Lewis remained outside to secure the back door. Jones and Nichols observed one man trying to leave the building, and two other men running up the stairwell. When Jones detained the man who was trying to leave, the man admitted to having marijuana in his possession, and was found to have one clear plastic bag containing numerous smaller bags of what appeared to be marijuana.

Jones and Nichols then pursued the men who were running up the stairwell. On the second floor, they observed one of the men (later identified as Jajuan Nile) attempting to place a plastic bag under the door of apartment number 207, and the other man (later identified as Mister Pearson) banging on the door of plaintiff's apartment. According to defendants, Jones and Nichols observed plaintiff's door open, and Pearson attempt to hand to plaintiff three identical clear plastic bags, which each contained multiple smaller blue-tinted bags.[3] One of the three clear bags fell to the floor. Plaintiff took the other two bags and closed the door to her apartment. Jones recovered the bag that had fallen to the floor, and observed that it contained numerous blue-tinted bags of what appeared to be crack cocaine. Jones also recovered the bag from underneath the door of apartment number 207, and found that it contained a number of smaller bags of what appeared to be crack cocaine. Pearson and Nile were both arrested, and Pearson was found to have $471 in his pocket.

As defendants themselves establish in their statement of facts, however, plaintiff disputes that Pearson handed her any drugs. Defendants' statement of fact 41 states: "Plaintiff claims, however, that prior to the police starting kicking on her front door, she was not feeling well and just lying down in her apartment." In support of this statement, defendants cite plaintiff's deposition testimony, in which plaintiff testified that before the police came: "I was in the house laying down. I wasn't feeling well. I didn't feel like being bothered. And then the next thing you know, Watts comes kicking on my door." Plaintiff agreed with this statement of fact.

Jones then knocked on plaintiff's door, and asked her to open it. Plaintiff refused. Jones contacted a Chicago Housing Authority manager, a Ms. Osborne, to request a key to plaintiff's

---

[3] Both Jones and Watt knew plaintiff from prior encounters.

apartment. Osborne told Jones that she could not find anyone to deliver the key (it was a Saturday), and told him that the officers could break down plaintiff's door. Jones and Watts then kicked in plaintiff's door. When Jones entered plaintiff's apartment, he observed her leaving through a bedroom window. She then ran toward the parking lot at the rear of the building. Jones relayed this information over his radio. Jones recovered two clear plastic bags, each containing numerous blue-tinted bags of what appeared to be crack cocaine, on the bedroom floor by the window sill where plaintiff had just been. Plaintiff fled to a nearby park, where she was arrested.

Plaintiff's six-count complaint, brought under 42 U.S.C. § 1983, alleges claims of false arrest against defendants Jones, Lewis, and Nichols (Count I); failure to intervene against Watts (Count II); civil conspiracy and malicious prosecution against all of the individual officers (Counts III and IV); and state law respondeat superior and indemnification claims against the City of Chicago (Counts V and VI). Defendants move for summary judgment on all counts.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The moving party bears the initial burden of demonstrating that no material issue exists for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the nonmoving party must offer specific facts demonstrating that a material dispute exists, and must present more than a scintilla of evidence to support its position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Defendants argue that they are entitled to summary judgment on all counts because the officers had probable cause to arrest plaintiff. Probable cause is an absolute defense to claims of false arrest and malicious prosecution. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Probable cause to arrest an individual exists when "the facts and circumstances within [the police officers'] knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Id.* (internal quotation marks omitted). In evaluating whether the defendant police officers had probable cause to arrest plaintiff, the Court examines the facts "as they would have appeared to a reasonable person in the position of the arresting officer." *Id.*

It is undisputed that defendant Jones found plastic bags containing many smaller bags of what appeared to be crack cocaine, on the bedroom floor of plaintiff's apartment, near where he had just observed plaintiff flee through a window. This information was sufficient to cause a reasonable person to believe that plaintiff had been in possession of a controlled substance, and gave the officers probable cause to arrest plaintiff. This is true even if the Court credits plaintiff's allegation that the officers kicked in her door for no reason, and concludes based on that allegation that the officers' entry into plaintiff's apartment was unjustified. Although such information would be relevant to whether evidence should be suppressed in a criminal case, the exclusionary rule does not apply in Section 1983 cases. *See Townes v. City of N.Y.*, 176 F.3d 138, 149 (2d Cir. 1999) (stating that the "lack of probable cause to . . . search does not vitiate the probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant"); *Rivera v. Burke*, No. 06 C 734, 2008 WL 345612, at *5 (N.D. Ill. Feb. 7, 2008). Nor does it matter that Jones was not the arresting officer, since he

was in communication with the arresting officers over the radio. See *U.S. v. Sawyer*, 224 F.3d 675, 680 (7th Cir. 2000) (explaining that "[w]hen law enforcement officers are in communication regarding a suspect, the knowledge of one officer can be imputed to the other officers").

Since the defendant officers had probable cause to arrest plaintiff, they are entitled to summary judgment as to her false arrest and malicious prosecution claims. See *Mustafa*, 442 F.3d at 547. In addition, because plaintiff cannot show an underlying constitutional violation, her failure to intervene and civil conspiracy claims fail as well. See *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) (failure to intervene); *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) (noting that conspiracy is not an independent basis of liability in § 1983 actions). Plaintiff's remaining claims of respondeat superior and indemnification against the City of Chicago are dependent on her claims against the individual defendants, and therefore they cannot survive. Defendants' motion for summary judgment is granted.

**ORDERED:** Defendants' motion for summary judgment [54] is granted. Judgment in favor of defendants City of Chicago, Alvin Jones, Lamonica Lewis, Douglas Nichols Jr., and Ronald Watts, and against plaintiff Sondra Cartwright will be set forth on a separate document and entered in the civil docket. See Fed. R. Civ. P. 58(a), 79(a).

ENTER:

*[signature]*
George W. Lindberg
Senior United States District Judge

DATED: December 17, 2010