**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Sondra Cartwright, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 CV 4298 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| City of Chicago, Alvin Jones, | ) | |
| Douglas Nichols, and Ronald Watts, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this civil rights lawsuit, Plaintiff Sondra Cartwright alleges that Chicago Police Officers falsely arrested her, framed her for possessing drugs, and maliciously prosecuted her. As discussed during the pretrial conference, the Court asked Defendants to brief the admissibility of Defendant Ronald Watts' guilty plea in 12 CR 00087 under Federal Rule of Evidence 609(a).[1] Plaintiff was permitted to file a response on or before August 1, but she did not file anything.[2] For the reasons explained below, Plaintiff will be permitted to ask Watts about the fact of his guilty plea, because it qualifies as a "conviction" under Rule 609(a), and is sufficiently final under the circumstances.

As explained in the Court's earlier order, R. 153, Watts entered a "blind" plea of guilty (that is, a guilty plea without an agreement with the government) to the charge of theft of government property, 18 U.S.C. § 641, on the Friday before his trial was to begin. R. 79 in *United States v. Watts*, 12-CR-00087 (Coleman, J.). Although charged as theft of property, the underlying facts are that Watts stole what he believed to be drug proceeds from drug traffickers; it turned out that the money was federal funds being used in a sting against Watts. In the criminal case, Judge Coleman accepted Watts's change of plea and entered a judgment of guilty. *Id.* Watts's sentencing is set for October 9, 2013. *Id.* The Court has already explained the circumstances under which this trial was set for August 7, even though the Court and the parties knew that Watts's criminal case would very likely still be pending when

---

[1]Except as otherwise specifically noted, references to "Rule __" in this order are to the Federal Rules of Evidence.

[2]Today, Plaintiff called chambers staff to report that she had not received the defense brief; in any event, the opinion explains that she is going to win on this issue.

this trial beings. *See* R. 153 at 5-6. Based on those circumstances, the Court has previously ruled that Plaintiff may not question Watts about the factual basis of his plea, because he still retains a privilege against self-incrimination as to the federal criminal case before his sentencing. *Id.* at 6.

What remains to be determined is whether Plaintiff can use the guilty plea under Rule 609(a) for impeachment of Watts's credibility, where the jury would learn only that Watts has a felony conviction for theft of federal-government property. Under Rule 609, when a felony "criminal conviction" is offered in a civil case to attack a witness's character for truthfulness, it "must be admitted, subject to Rule 403." Fed. R. Evid. 609(a)(1)(A). Rule 609 rests "on the common-sense proposition that a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath in a trial by the solemnity of the oath, the (minuscule) danger of prosecution for perjury, or internalized ethical norms against lying." *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987). It is true that allowing a credibility attack on this basis is a departure from the principle that cases should be judged by the evidence surrounding the underlying events and not by a battle of character. *Schmude v. Tricam Indus.*, 556 F.3d 624, 627 (7th Cir. 2009). Still: "A rule is a rule; Rule 609 does permit the use of a felony conviction to impeach a witness and it is not our place to question that use . . . .," *id.* at 628, subject to the Rule 403 limit.

The specific question presented here is unusual: Does Watts's plea of guilty qualify as a "criminal conviction" under Rule 609(a), even though Watts has not yet been sentenced? To answer the question, the starting point is to look for a definition in the Rule itself. But the Rule does not expressly define the term. Absent an express definition, the next interpretive step is to examine the plain meaning of the term "conviction." *Smith v. Zachary*, 255 F.3d 446, 453 (7th Cir. 2001) ("When the language of a statute is plain and unambiguous, we apply the plain meaning (period)." (citation omitted)). As an objective guide to plain meaning, dictionary definitions are often helpful. *Sanders v. Jackson*, 209 F.3d 998, 1000 (7th Cir. 2000) ("We frequently look to dictionaries to determine the plain meaning of words, and in particular we look at how a phrase was defined at the time the statute was drafted and enacted." (citations omitted)). But in this case, the help is limited. One dictionary oft-cited by the Supreme Court[3] defines conviction as "the act of proving, finding, or adjudging a person guilty

---

[3]Jeffrey Kirchmeier et al., *Scaling the Lexicon Fortress: the United States Supreme Court's Use of Dictionaries in the Twenty-first Century*, 94 Marq. L. Rev. 77, 94 (2010) ("In the twenty-first century, Webster's Third New International Dictionary remains the most cited general usage and Black's Law Dictionary remains the most-cited law dictionary.") Perhaps Black's Law Dictionary should carry more interpretive force when it comes to interpreting the various sets of Federal Rules, because those Rules tell judges and litigants what to do—and most litigants have lawyers—as distinct from statutes and from agency regulations, which (in

of an offense or crime . . . *specific*: the proceeding of record by which a person is legally found guilty of any crime esp. by a jury and on which the judgment is based." Webster's Third New Int'l Dictionary at 499 (1976).[4] That definition does not refer to the imposition of a sentence. Turning to legal dictionaries, the Black's Law Dictionary in effect the year Rule 609 was enacted (1975) defined the term "conviction" as follows: "In a general sense, the result of a criminal trial which ends in a judgment *or sentence* that the prisoner is guilty as charged." *Black's Law Dictionary* 403 (4th ed. 1951) (emphasis added). So that version does refer to a "sentence" as part of the conviction. But the current edition says, for the lead definition, "The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." *Black's Law Dictionary* (9th ed. 2009). It would be overstating the point to that these definitions definitively answer the question, but they do suggest that the term "conviction" in Rule 609(a) could mean a guilty plea or guilty verdict before the sentencing.

Another tool of interpretation is how the term is used in other Rules. The other instances of "conviction" in the Federal Rules of Evidence do not shed light on the question. *See* Fed. R. Evid. 608(b), 803(22). As the Court pointed out in a prior order, R. 153 at 6, Federal Rule of Criminal Procedure 32 does discuss refer to convictions, and Defendants have invoked that usage, R. 154 at 1-2. Specifically, Rule 32 of the Federal Rules of Criminal Procedure refers to a "judgment of conviction" as containing "the plea, the jury verdict or the court's findings, the adjudication, *and the sentence*." Fed. R. Crim. P. 32(k)(1) (emphasis added). Defendants argue that this description of the judgment of conviction requires that a sentence be imposed, and thus Rule 609 should likewise require an imposed sentence before impeachment by conviction. But, ultimately, this argument is not persuasive for three reasons. First, there is no Advisory Committee Note or other reason to believe that the drafters of Rule 609 intended any cross-reference to the Federal Rules of Criminal Procedure. Second, Rule 32 specifically refers to a "*judgment* of conviction." Fed. R. Crim. P. 32(k)(1) (emphasis added). So the term used in Rule 32 does not even precisely mirror that used in Rule 609, which leaves out "judgment of." Finally, the section under which Rule 32 is found is entitled "*Post*-Conviction Procedures," so even that implies that the "judgment of conviction" is a separate step, entered *after* a defendant is convicted.

Because looking to "plain meaning" does not decisively answer the question, the context of the interpretive task is important. Why does a "conviction" matter under Rule 609? As explained above, Rule 609 governs the use of criminal convictions as impeachment evidence, and is based on the idea that "a person who has flouted

---

principle, at least) tell the general public what to do.

[4]Rule 609 was enacted in 1975. A more current version of the same dictionary contains exactly the same definition. Webster's Third New Int'l Dictionary at 499 (2002).

3

society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath." *Campbell,* 831 F.2d at 707 (7th Cir. 1987). On that rationale, the sentence is not really all that important. Even if the sentence were a relatively light one (say, a fine or probation), still the conviction would be admissible to impeach on character for truthfulness (subject always to Rule 403). If a sentence would be required, then, it is not because it is relevant in and of itself to character for truthfulness, but because the sentence lends a degree of *finality* to a guilty plea. In other words, a sentence is required, the argument goes, because it makes it more likely that the guilty plea will stick. Defendants are concerned that guilty pleas are not final enough to permit its use under Rule 609. It is true, as Defendants point out, that Rule 11 of the Federal Rules of Criminal Procedure permits a defendant to *try* to withdraw his guilty plea up until the imposition of sentence. Fed. R. Crim. P. 11(d). But Defendants understate how difficult it is for a criminal defendant to withdraw a plea once it has been accepted by the court. Rule 11 requires the defendant to show "a fair and just reason for requesting a withdrawal." *Id.* The Seventh Circuit has described this showing as a "heavy burden" because a "defendant's statements given under oath during a plea colloquy are presumed to be true." *United States v. Redmond,* 667 F.3d 863, 870 (7th Cir. 2012).[5] For example, "the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea." *United States v. Bowlin,* 534 F.3d 654, 660 (7th Cir. 2008) (citation omitted). So, despite Defendants' argument to the contrary, a guilty plea that has been accepted by the court is actually likely to remain in place through sentencing.

What's more, Rule 609 explicitly does *not* require that a conviction be entirely "final," at least in the sense of there being no more legal avenues for the criminal defendant to challenge the conviction. Under Rule 609(e), "a conviction [ ] satisfies this rule . . . even if an appeal is pending." Fed. R. Evid. 609(e). So the pendency of an appeal of the conviction does not bar its use under Rule 609. To be sure, an argument could be made that this specific provision counsels against interpreting Rule 609 to include convictions for which the sentence has yet to be imposed. One might argue that because the rule-makers specifically included convictions that are on appeal, they meant to exclude "convictions" that had not yet reached that stage. But once again

---

[5]In *Redmond,* the defendant was not permitted to withdraw his blind plea of guilty after he discovered that the presentence report attributed a larger quantity of drugs to him than the government had indicated it would pursue at trial. 667 F.3d at 871. Despite the defendant's contention that "all the information given to him by the government and the district court indicated" that he was pleading guilty to a smaller quantity, the Seventh Circuit held that he would not be entitled to withdraw his plea because he had no formal agreement with the government as to the relevant conduct (and drug quantity) that would be considered at sentencing. *Id.*

there is nothing in the Advisory Committee notes suggesting that interpretation, and it is more likely that the Committee explicitly addressed the pendency of appeals because of the frequency with which that situation arises, without intending to exclude yet-to-be-sentenced convictions.

Although there are no cases directly addressing guilty *pleas* in this Circuit or elsewhere, a number of courts have examined a closely analogous situation. Where a guilty *verdict* after trial has been entered, but no sentence has been imposed, several courts have held that the evidence of the verdict is admissible to impeach a witness under Rule 609 (so long as the other requirements of the Rule are met). *See United States v. Smith,* 623 F.2d 627, 630-31 (9th Cir. 1980); *United States v. Vanderbosch*, 610 F.2d 95, 97 (2d Cir. 1979); *United States v. Duncan*, 598 F.2d 839, 864-65 (4th Cir. 1979); *United States v. Klein*, 560 F.2d 1236, 1240 (5th 1977). *Smith* and *Vanderbosch* specifically held that a guilty verdict is admissible even though post-trial motions are pending. *Smith*, 623 at 631; *Vanderbosch*, 610 F.2d at 97. But, again, these cases deal with verdicts rather than pleas. *Klein,* in particular, emphasized that it was "leav[ing] open the question of the admission of proof of guilty pleas in similar circumstances." 560 F.2d at 1241. *Klein* noted that "a guilty plea may lack the evidentiary basis which gives [a] verdict at least a surface guarantee of trustworthiness" and that a verdict, as opposed to a plea, "carries a greater assurance of finality." *Id*. But those cases do represent holdings that the term "conviction" does not necessarily require the imposition of a sentence.

In light of Rule 609's underlying rationale—that the truth-telling oath means less to someone who has committed a felony—the Court holds that Rule 609 does not *require* that a sentence be imposed before counting a guilty plea as a "conviction" for impeachment. If the circumstances suggest no instability in the guilty plea and suggest that the plea is not likely to be withdrawn, then it is sufficiently final to be considered a "conviction." In this case, Watts entered a plea of guilty on the eve of his criminal trial. To lay a factual basis for the plea, he must have made admissions during the plea colloquy. Although the plea was a blind plea, the Court's understanding is that, during the plea colloquy, the government set forth a factual basis that Watts adopted, and the factual basis went well beyond the bare elements of the statute's text. As discussed above, if Watts were to change his mind and were to ask to withdraw the plea, Watts now faces a heavy burden in convincing the judge in his criminal case that he should be allowed to do so. There is no record evidence, right now, to believe that Watts's plea was not voluntary or knowing, or that he can assert actual or legal innocence. *See United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010) (describing "fair and just" reasons for withdrawal). Given the difficulty Watts would face in trying to withdraw his plea of guilty, and the lack of any hint by Defendants' counsel (who are in a position to know) that Watts intends to do so, the Court finds that his guilty plea is sufficiently stable such that Plaintiff should be permitted to cross-examine him about it under Rule

5

609.[6] In the unlikely event that Watts's guilty plea is vacated before his sentencing in October, Defendants may move for a new trial under Rule 59 (if the withdrawal occurs within 28 days after entry of judgment in this case), or for relief from judgment under Rule 60.

It is worth noting that the only case cited by Defendants is distinguishable (and it is not controlling). In *State v. Duncan*, 812 P.2d 60 (Utah Ct. App. 1991), the court was considering the admissibility of a guilty plea under an analogous state-law evidentiary rule, where the criminal court ultimately entered judgment on a lesser misdemeanor charge. *Id.* at 61. Therefore, unlike with Watts's guilty plea, in *Duncan* there was an actual difference between the guilty plea and the "final judgment," a difference of particular relevance to Rule 609 (and Utah R. Evid. 609), which does distinguish between felony and misdemeanor convictions.

Finally, the Court also rejects Defendants' alternative argument that, even assuming the guilty plea is a "conviction" under Rule 609, it should be excluded on Rule 403 grounds. Given the rationale underlying Rule 609, Watts's felony conviction for theft of federal-government property is highly probative of his character for truthfulness. Any unfair prejudice to Watts or his civil-case co-defendants can be sufficiently mitigated by a limiting instruction explaining the limited purpose for which the jury can consider the evidence. And, consistent with a prior order, Plaintiff still cannot ask about the factual basis for the conviction, because Watts still has a right against self-incrimination before sentencing, R. 153 at 6 (citing *Mitchell v. United States*, 526 U.S. 314, 324, 326 (1999) ("Where the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony.")). So there will be no unfair prejudice arising from questioning about the details of the conviction. Plaintiff can bring out only that Watts has pled guilty to theft of federal-government property; which court the guilty plea was entered; and the date of the guilty plea.

As a final note, the Court repeats what it has said in prior hearings: if Plaintiff is willing to continue the case until after sentencing, she might even be able to question Watts about the factual basis underlying his guilty plea, as evidence under Rule 404(b). Plaintiff has been offered this chance at prior status hearings, but has chosen to go to

---

[6]This holding is contrary to the result in *United States v. Franklin*, 829 F.Supp. 1319, 1222 (M.D. Fla. 1993), the one case the Court uncovered that specifically addressed the admissibility of a guilty plea before sentencing. *Franklin* is not controlling, but it is also distinguishable on its facts. In *Franklin*, there was a pending government motion to withdraw the plea agreement in the criminal case, and therefore the court concluded that "there is an increased likelihood that the plea will be withdrawn as well." *Id.* If there were some indication in this case that Watts is likely to withdraw his plea, the plea would probably *not* be admissible under Rule 609.

trial now instead. (Perhaps this is another example of Plaintiff being hampered by her refusal to accept the Court's repeated attempts to appoint a *pro bono* counsel for her.)

ENTERED:

*Edmond E. Chang*
———————————————
Honorable Edmond E. Chang
United States District Judge

DATE: August 2, 2013